## State of Maine *vs.* Portland, Saco, & Portsmouth Railroad Company.

*Railroad crossing—when a nuisance—indictment.*

By virtue of R. S. of 1857, c. 51, § 15 (R. S., c. 51, § 13), a railroad crossing not made in the "manner" "determined in writing by the county commissioners," is to be regarded as a nuisance.

An indictment founded on R. S., c. 51, § 13, is fatally defective unless it allege substantially that the railroad crosses the highway in a manner not determined in writing by the county commissioners.

An allegation that the defendants "did unlawfully and injuriously lay, place, and put down, and cause to be laid, placed, and put down three certain tracks with iron rails in, upon, across, and over said highway," is not sufficient.

On exceptions to the ruling of *Goddard*, J., of the superior court for the county of Cumberland.

Indictment, alleging that there now is, and at the time of the obstruction and nuisance hereinafter mentioned, there was a certain common and public highway and county bridge leading from the foot of Brackett street, in said Portland, across the upper part of Portland harbor to Cape Elizabeth, in said county of Cumberland, for all the citizens of the said State to go, return, pass, and repass in and along the same at their will and pleasure; and that the Portland, Saco, & Portsmouth Railroad Company, a corporation duly established by the laws of said State, and whose office and place of business is in Portland aforesaid, in said county, on the first day of July, in the year of our Lord one thousand eight hundred and sixty-six, with force and arms at Portland aforesaid, in the county aforesaid, did unlawfully and injuriously lay, place, and put down, and cause to be laid, placed, and put down three certain tracks with iron rails, in, upon, across, and over said highway and bridge, about sixty feet south of the place where the main track of said railroad company crosses said highway and bridge. And the said tracks so as aforesaid laid, placed, and put down in, upon, across, and over

said highway and bridge aforesaid, the said railroad company from the said first day of July, in the year of our Lord one thousand eight hundred and sixty-six, until the day of finding this indictment, unlawfully and injuriously did keep up, maintain, continue, and use by running their engines, cars, and trains along and over the same, and still doth keep up, maintain, continue, and use as aforesaid, whereby the said common and public highway and county bridge aforesaid, hath been for and during all the time aforesaid, and still is greatly obstructed and stopped up, so that the citizens of said State could not, during the time aforesaid, nor can they now go and return, pass, and repass in and along said common highway and county bridge as they were before used and accustomed, and still of right ought to do, the great damage and common nuisance of all citizens of this State in and along the common and public highway and county bridge aforesaid, going, returning, passing, and repassing, and against the peace of said State, and contrary to the form of the statute in such case made and provided.

The jury returned a verdict of guilty, whereupon the defendants moved in arrest of judgment because of want of certain allegations in the indictment. The presiding judge overruled the motion, and the defendant alleged exceptions.

*N. Webb*, for the defendants.

*T. B. Reed*, attorney-general, for the State.

Tapley, J. This is an indictment against the defendant company for erecting and maintaining a nuisance by laying and putting down and using certain tracks, with iron rails across and over a highway situate in Portland, about sixty feet south of the place where the main track of said railroad company crosses said highway.

Sect. 15, of c. 51, R. S., provides that "railroads may cross highways in the line of the road," but "the conditions and manner of crossing are to be first determined in writing by the county commissioners," and "crossings not so made are to be regarded as nuisances, and may be so treated."

This statute (upon the provisions of which this indictment was drawn) makes that a nuisance which was not one under any other provision of law. Its object was to secure the action of the county commissioners in certain cases. Want of such action alone constitutes the nuisance. The track and its use may have none of the elements of a nuisance at common law, or a nuisance as defined by c. 17 of the R. S.; if this action is wanting, it is under this chapter a nuisance. If this act is not wanting, no matter what the character of the erection, or use, it is not under this statute a nuisance. In a proceeding under this act it is the material inquiry.

To bring the case within the provisions of this statute, it must appear that the railroad crosses in a manner not determined by the county commissioners. No such allegation appears in the indictment in this case. Without it, it is fatally defective. It is the material matter, without which the act has necessarily no more of the element of nuisance than of assault and battery. There is an allegation in the indictment that the defendants "did unlawfully and injuriously lay, place, and put down, and caused to be laid, placed, and put down three certain tracks with iron rails, in, upon, across, and over said highway, etc." This is not equivalent to an averment that the railroad crosses in a manner not determined by the county commissioners, nor that the county commissioners have never taken action thereon. The allegations made may all be true, and yet the commissioners may have imposed, as required, the manner and conditions of crossing, and their requirement fulfilled by the defendants to the letter. The "unlawfulness" may consist in something else. This is a statutory offense, and enough must be alleged to show it has been committed.

In the court below, the jury were substantially instructed that unless the defendants had complied with the statute regulating railroad crossings, they would be liable upon this indictment if the way was a highway.

The respondents requested the instruction "that the statute of 1853, embodied in the R. S., in reference to railroad crossings, does not apply." This the judge declined to give, and did instruct them

" that the defendants are not exempt from the duty of complying with the requirements of the statute regulating crossings." He further stated " that the respondents are not indicted for unreasonably obstructing the alleged highway, or for unreasonable conduct, but for unlawfully placing certain side-tracks across the alleged highway, and unlawfully sustaining, using, and maintaining them."

. The indictment being insufficient for a proceeding under this statute, the exceptions must be sustained.        *Exceptions sustained.*

APPLETON, C. J.; KENT, BARROWS, and DANFORTH, JJ., concurred.